UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith W. Simpson,

Plaintiff,

v.

Cheryl R. Hvass, Commissioner of Corrections; David Crist, Warden; Tim Lanz, Unit Director; Brad Hughes, Lieutenant; Dale Kanon, Sergeant; Jenny Dunn, Correctional Officer; D. Valentine, Correctional Officer; and John Does, Unknown,

Defendants.

Civ. File No. 01-707 (PAM/JGL)

**ORDER**

---

This matter is before the Court on Petitioner Keith W. Simpson's Application to Proceed In Forma Pauperis on Appeal. Pursuant to 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, upon the affidavit of a party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. Based on a review of the record and the Petitioner's application, the Court concludes that Petitioner should be allowed to proceed with his appeal in forma pauperis ("IFP").

Because Petitioner is a prisoner, his IFP application is subject to the requirements set forth in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). This section provides that:

NOV 27 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b) (emphasis added).

According to this statute, prisoners who file an appeal in a civil action and are granted IFP status are not excused from paying the appellate court filing fee. Instead, a prisoner who is granted IFP status is merely allowed to pay the filing fee in installments, rather than paying the entire amount in advance. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

In the present case, Petitioner must initially pay a partial appellate filing fee of $30.65. This fee represents 20% of the average monthly deposits in Petitioner's trust account over the last six months. See 28 U.S.C. § 1915(b)(1)(A). The remainder of the filing fee shall be paid in monthly installments as set forth in § 1915(b)(2).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed Without Prepayment of Fees (Clerk Doc. No. 18) is **GRANTED**; and

2. Petitioner is required to pay an initial partial appellate filing fee of $30.65.

Dated: November 27, 2001

Paul A. Magnuson
United States District Court Judge